IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-158-BO

| | |
|---|---|
| BOYD POTTS, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
|       Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 21 & 25]. A hearing on this matter was held in Raleigh, North Carolina on May 21, 2015, at which the Commissioner appeared via video feed. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the judgment of the Commissioner is REVERSED.

BACKGROUND

On December 6, 2010, plaintiff protectively filed an application for disability benefits with an alleged onset date of December 3, 2010. [Tr. 171, 193]. His claims were denied initially and upon reconsideration. After conducting a hearing, an Administrative Law Judge (ALJ) found that plaintiff was not disabled within the meaning of the Social Security Act on September 20, 2013. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner as of May 29, 2014. Plaintiff now seeks review of that decision pursuant to 42 U.S.C. § 405(g).

Mr. Potts was 50 years old at his alleged onset date and is a 20-year veteran of the United States Marine Corps. Following his retirement, he worked for many years as a car salesman. [Tr. 49–50].

DISCUSSION

When a social security claimant appeals the Commissioner's final decision, the district court's review is limited to whether there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quotation omitted). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that Mr. Potts had not engaged in substantial gainful activity since his alleged onset date and was insured through December 31, 2015. [Tr. 23]. Mr. Pott's sleep apnea, history of right knee arthroscopy, diabetes mellitus, degenerative disc disease of the lumbar and cervical spines, bilateral hearing loss, obesity, post-traumatic stress disorder and substance dependence qualified as severe impairments at step two but were not found alone

or in combination to meet or equal a listing at step three. [Tr. 23–24]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a severely circumscribed range of light work. [Tr. 25–26]. At step four, the ALJ admitted that plaintiff could not perform his past relevant work in auto sales, but relied on the opinion of a vocational expert to find that jobs exist in significant numbers in the national economy that plaintiff was able to perform. [Tr. 34].

Plaintiff alleges the ALJ erred by improperly evaluating his credibility and RFC. The ALJ's main reason for finding that Mr. Potts was not credible was that he did not display motor deficits in his examinations. [Tr. 28–29]. Mr. Potts, however, did not allege disability because of motor deficits nor did he complain thereof. Instead, he alleged disability due to pain. [Tr. 49–50]. If a plaintiff meets his threshold obligation to provide objective medical evidence of a condition reasonably likely to cause the claimed pain, he is entitled to "rely exclusively on subjective evidence" to demonstrate that his pain is "so continuous and/or so severe that it prevents [him] from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 564 (4th Cir. 2006). Mr. Potts's MRI confirmed multilevel disc bulging with overt impingement upon his left L2 nerve root. [Tr. 371]. Relying on the MRI and his complaints, his doctors diagnosed him with lumbar radiculopathy and chronic pain syndrome (CPS). [*Id.*]. Accordingly, Mr. Potts is entitled to rely on subjective evidence to demonstrate the severity of his pain, and the ALJ erred in finding that he was not credible because he did not display motor deficits. The ALJ also found Mr. Potts lacking in credibility because his activities (volunteering at church and amputating his left finger while cleaning his gun) evidenced a higher level of activity than portrayed in his testimony. [Tr. 29]. This is ridiculous. Cleaning a gun is a sedentary activity, and "volunteering at church" is too vague of a description to carry any definitive weight.

3

When analyzing a claimant's credibility, the most important factors to consider are the objective medical findings, diagnoses and prognoses given by medical providers, how well their testimony lines up with statements in the record, and the strength of the work history. *See* SSR 96–7p. All of these factors weigh in favor of finding Mr. Potts credible.

Mr. Potts has a long, exemplary work history. [Tr. 181–82]. His complaints of pain are corroborated by the medical evidence and laboratory findings. As of his alleged onset date, he was experiencing stabbing pain in his left hip and his primary physician diagnosed him with lumbar degenerative disc disorder with chronic pain syndrome. [Tr. 454]. A 2010 MRI revealed several abnormalities in the lumbar spine. [Tr. 371]. Physical therapy records corroborate decreased lumbar range of motion and decreased left leg strength. [Tr. 1097]. A 2011 MRI revealed posterior disc bulging with compression of the right S1 nerve root. [Tr. 404]. That same year, Mr. Potts was prescribed a motorized wheelchair for long distances due to his trouble walking. [Tr. 692]. His pain management records consistently note that his pain was exacerbated by activity, however minimal. [Tr. 525–26, 898, 907]. Between 2012 and 2013, he continued to be diagnosed with chronic pain syndrome with lumbar radiculitis and disc degeneration. [Tr. 1173, 1243]. The VA granted Mr. Potts a 100% disability rating, with 40% attributable to degenerative arthritis of the spine and 20% to paralysis of the sciatic nerve. [Tr. 628, 655–59, 661, 663, 672, 685, 693]. In sum, all of the available medical evidence corroborates Mr. Potts's testimony. He underwent every sort of treatment available, including physical therapy, steroid injections, trigger point injections, TENS unit, and medication. [Tr. 394–99, 529]. He underwent a laminectomy on his lumbar spine in the distant past. [Tr. 1065]. He has an excellent work history. The ALJ's decision to discount his subjective testimony as to his pain levels is wholly unsupported by the record.

4

Case 7:14-cv-00158-BO   Document 29   Filed 06/02/15   Page 4 of 5

Viewing plaintiff's testimony as credible necessarily leads to the conclusion that the ALJ's finding of an RFC of light is not supported by substantial evidence. Indeed, it is clear to the Court that substantial evidence shows plaintiff can do nothing but sedentary work. Finding that plaintiff's RFC is properly categorized as sedentary necessitates a finding of disability under the GRIDS. 20 C.F.R. Pt. 404, Subpt. P, App'x II § 201.14. Accordingly, the Court reverses the decision of the Commissioner and remands the matter for an award of benefits.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Here, the ALJ clearly explained her reasoning, it was simply in error. The record does not contain substantial evidence to support a decision denying coverage.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 21] is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED, this _1_ day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 7:14-cv-00158-BO   Document 29   Filed 06/02/15   Page 5 of 5